**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0537-24

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

KEITH A. WARREN,

    Defendant-Appellant.

_____

Submitted December 10, 2025 – Decided March 26, 2026

Before Judges Gummer and Jacobs.

On appeal from the Superior Court of New Jersey, Law Division, Mercer County, Indictment No. 10-09-0989.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Kayla Rowe, Designated Counsel, on the brief).

Janetta D. Marbrey, Mercer County Prosecutor, attorney for respondent (Jessica Cranford, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Keith Warren appeals from an order denying his petition for post-conviction relief (PCR), which the court entered after argument but without conducting an evidentiary hearing. We affirm substantially for the reasons expressed by Judge Robert E. Lytle in his comprehensive twenty-three-page statement of reasons.

## I.

On June 7, 2009, in Trenton, a thirteen-year old girl was the unintended victim of a fatal drive-by shooting stemming from gang rivalry. On June 17, police arrested defendant in connection with the incident. Under questioning, defendant admitted to driving the vehicle from which two co-defendants carried out the shooting.

In June 2010, defendant pleaded guilty to an unrelated pending charge of possession of a controlled dangerous substance (CDS) with intent to distribute within 1,000 feet of a school zone, N.J.S.A. 2C:35-7. On September 3, 2010, he was sentenced to five years' imprisonment with a three-year period of parole ineligibility.

On September 10, 2010, while serving the CDS sentence, a grand jury indicted defendant for first-degree murder and related counts. On January 6, 2012, defendant pleaded guilty to first-degree aggravated manslaughter,

A-0537-24

N.J.S.A. 2C:11-4(a), in exchange for dismissal of the remaining counts and a recommended concurrent twenty-year term in state prison subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2.

At sentencing in November 2013, the court awarded defendant jail credit of 463 days and gap-time credit of 1,149 days. The issue of gap time arose because defendant had begun serving his sentence on the CDS case before disposition of the homicide case.

Defendant filed an appeal that was placed on a sentencing oral argument calendar. We affirmed the sentence imposed. State v. Warren, No. A-1895-13 (App. Div. June 3, 2014) (slip op. at 1).

Defendant filed his first PCR petition in 2018, alleging plea counsel had been ineffective for failing to properly advise him regarding jail- and gap-time credits. The first PCR court denied the petition determining "defendant's argument for gap-time credits [wa]s not cognizable under Rule 3:22-2." Defendant did not appeal.

In June 2021, defendant filed a self-represented certification in support of a motion "to correct an illegal sentence or [for] jail credits pursuant to R. 3:21-8." In his certification, defendant again claimed ineffective assistance of counsel (IAC), asserting his attorney had failed to properly advise him that gap-

3

time credits would not serve to reduce his stipulated period of parole ineligibility. PCR counsel was assigned in June 2024 and filed a merits brief, an unsigned amended certified petition, and an unsigned supplemental certification on behalf of defendant.

At oral argument, Judge Lytle sought to frame defendant's position, inquiring of PCR counsel:

> THE COURT: . . . As I understand it . . . your argument is not whether or not the jail credits and the gap[-]time credits have been applied properly. Your argument is did your client get the proper advice as to the impact of gap[-]time credits on either the front end or the back end of the sentence[?]
>
> [COUNSEL]: Correct, [j]udge.

In an October 2, 2024 order and accompanying written decision, the judge denied the petition, ruling defendant's petition time barred under Rule 3:22-12(a)(2).

Alternatively, the judge concluded the PCR was not meritorious, finding defendant had failed to make a prima facie showing of IAC and, thus, was not entitled to an evidentiary hearing.

In the IAC context, the judge addressed the distinction between jail credits and gap-time credits:

. . . [Defendant] asserts that he received ineffective assistance of counsel because, prior to the entry of his guilty plea to aggravated manslaughter, his trial attorney allegedly altered the plea forms without his knowledge and failed to advise him of the differences between jail credits and gap[-]time credits or how that calculation could impact the time to be served post-sentence.

Jail credits authorized by R. 3:21-8 "were conceived as a matter of equal protection or fundamental fairness and a means of avoiding the double punishment that would result if no such credits" for pre-sentence confinement were awarded. State v. Hernandez, 208 N.J. 24, 36 (2011). They provide day-for-day credits for time spent in custody between arrest and imposition of sentence. R. 3:21-8; Hernandez, 208 N.J. at 28, 37. In contrast, gap-time credits awarded pursuant to N.J.S.A. 2C:44-5b(2) are intended to address manipulation and delay by a prosecutor. State v. Carrecker, 172 N.J, 100, 105, 107 (2002). Gap-time credits give a defendant who is sentenced on two separate dates credits against the second sentence for time served following imposition of the first sentence. Hernandez, 208 N.J. at 38.

The effect of these two types of credits is different. Jail credits are applied to the "front end" of the sentence and reduce a parole ineligibility term that is part of a sentence. Id. at 37. "Gap-time credits are applied to the 'back end' of a sentence." Id. at 38. Under Hernandez, where gap-time credits are applicable, the judge has no discretion to award jail credits instead. Id. at 48-49.

Here, [defendant] does not contend that he was not properly advised that he would be required to serve eighty-five percent of the sentence before becoming

5

eligible for parole. Instead, [defendant] asserts that his trial counsel affirmatively represented to him that he would be entitled to jail credits from the date he was arrested in connection with the murder. As a result of trial counsel's incorrect advice, [defendant] claims that he was deprived of 1,149 days of jail credit that he thought would have been applied to the front end of his NERA parole ineligibility period. Consequently, and as set forth in his [s]upplemental [c]ertification, [defendant] seeks[] "to have the judgment of conviction and the sentence entered set aside and the case[] set down for [a] new trial on the relevant charges."

Defendant raises the following arguments on appeal:

POINT I

THE PCR COURT ERRED WHEN IT CONSTRUED [DEFENDANT]'S RESENTENCING MOTION BROUGHT UNDER RULE 3:21-10(B)(5), WHICH CAN BE BROUGHT ANY TIME, AS A POST-CONVICTION REIEF APPLICATION AND THEN UNFAIRLY APPLIED THE TIME BAR.

POINT II

THE PCR COURT ERRED IN DENYING PCR, BECAUSE PLEA COUNSEL'S ADVICE ABOUT HOW CUSTODY CREDIT WOULD APPLY WAS INEFFECTIVE, RENDERING APPELLANT'S PLEA UNKNOWING AND INVOLUNTARY.

POINT III

AT A MINIMUM, APPELLANT WAS ENTITLED TO AN EVIDENTIARY HEARING TO RESOLVE A GENUINE ISSUE OF MATERIAL FACT.

6

## II.

In relevant part, <u>Rule</u> 3:22-4(b) states, "[a] second or subsequent petition for post-conviction relief shall be dismissed unless: (1) it is timely under <u>Rule</u> 3:22-12(a)(2)," which provides in pertinent part:

> Notwithstanding any other provision in this rule, no second or subsequent petition shall be filed more than one year after the latest of:
>
> . . . .
>
> (B) the date on which the factual predicate for the relief sought was discovered, if that factual predicate could not have been discovered earlier through the exercise of reasonable diligence; or
>
> (C) the date of the denial of the first or subsequent application for post-conviction relief where ineffective assistance of counsel that represented the defendant on the first or subsequent application for post-conviction relief is being alleged.
>
> [<u>R.</u> 3:22-12(a)(2).]

Our courts have strictly adhered to the <u>Rule</u>'s one-year time bar and its non-relaxation provision. <u>See</u> <u>State v. Jackson</u>, 454 N.J. Super. 284, 293 (App. Div. 2018). We review de novo a trial court's conclusion a PCR petition is procedurally barred. <u>State v. Harris</u>, 181 N.J. 391, 419 (2004).

7

Regarding timeliness, the judge correctly found Rule 3:22-4(b)(1) requires a second or subsequent PCR petition be dismissed unless it was filed within one year after denial of the first PCR, provided defendant was aware of the factual predicate for his claims. Because the judge found defendant squarely presented the factual predicates for his claims in his first PCR, he concluded there was a failure to satisfy time restrictions under Rule 3:22-12(a)(2)(B).

The judge further found that defendant could not procedurally circumvent Rule 3:22's time bar by characterizing his motion as one to correct an illegal sentence. Accordingly, the judge properly treated defendant's application as a second PCR petition and applied the appropriate time constraints. See State v. Preciose, 129 N.J. 451, 460 (1992) (holding IAC claims are "particularly suited for post-conviction review"); State v. Vanness, 474 N.J. Super. 609, 627 (App. Div. 2023) (treating a defendant's reconsideration motion as a second PCR because he alleged IAC, a claim "better suited for a PCR petition").

In substantively reviewing defendant's IAC claim, Judge Lytle applied the two-pronged test articulated in Strickland v. Washington, 466 U.S. 668 (1984) and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42 (1987). To establish IAC, a defendant must demonstrate counsel's performance was deficient and that, but for counsel's errors, there is a reasonable probability the

result would have been different.  Id. at 52-53.  Regarding the first prong, courts must defer to trial strategy and professional judgment; mere dissatisfaction with counsel's exercise of judgment is insufficient.  State v. Nash, 212 N.J. 518, 542 (2013).  The judge found defendant failed to satisfy either prong.

Judge Lytle highlighted the significance of the credit aspect of the plea agreement, recounting the plea colloquy:

> [THE COURT]:  There seems to be an issue regarding specific jail credits, but the State has agreed to whatever jail credits are determined to be legally appropriate.  Do you understand that?
>
> [DEFENDANT]:  Yes.
>
> [THE COURT]:  And in exchange for that plea, the remaining counts of the indictment are going to be dismissed.  Do you understand that?
>
> [DEFENDANT]:  Yes.
>
> [THE COURT]:  Is all of that agreeable to you?
>
> [DEFENDANT]:  Yes.

Given the clarity of plea bargain terms, this exchange, and Judge Lytle's extensive supporting analysis, not here reproduced at length, we are satisfied his conclusion was based on competent evidence in the record and sound reasoning.

The judge also addressed the second prong.  A defendant's unsupported assertions regarding prejudice do not constitute a prima facie showing of IAC.

A-0537-24

See State v. Porter, 216 N.J. 343, 355 (2013); Strickland, 466 U.S. at 694; Preciose, 129 N.J. at 462-63. A defendant must also "convince the court that a decision to reject the plea bargain would have been rational under the circumstances." Padilla v. Kentucky, 559 U.S. 356, 372 (2010); see also State v. Aburoumi, 464 N.J. Super. 326, 339 (App. Div. 2020).

The judge found defendant's claim—he would not have pleaded guilty but for the alleged misadvice—belied by the record. He found, "it would not have been [a] rational choice to reject the State's generous plea offer and risk a life sentence following a conviction at trial because of the jail credits at issue, which were modest in comparison to his sentencing exposure." We discern no error in Judge Lytle's determination.

Lastly, we recognize a PCR petitioner is not automatically entitled to an evidentiary hearing. Rule 3:22-10(b) provides a court should hold an evidentiary hearing only if a prima facie case has been established and material issues of disputed fact require resolution. Because defendant failed to meet those standards, the PCR judge did not abuse his discretion in denying a hearing. See State v. L.G.-M., 462 N.J. Super. 357, 364-65 (App. Div. 2020); Porter, 216 N.J. at 354-55.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Hartley

Clerk of the Appellate Division

10

A-0537-24